UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARGETTA LANGOLOIS,

    Plaintiff,

v.                                                                   8:13-cv-00269-T-23MAP

PASCO CIRCUIT COURT (CIVIL),

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Plaintiff's motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (doc. 2). Section 1915 represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic disincentives to filing frivolous or malicious suits once *in forma pauperis* status is granted. A district court may conclude a case has little or no chance of success and dismiss the complaint when it determines from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

Plaintiff appears to allege in her complaint, although it is far from clear, that Defendant's Judge Stanley Mills, in collusion with several others, conspired to wrongfully and fraudulently foreclose on her home in violation of her civil rights. After review, I recommend the district court judge dismiss Plaintiff's complaint because this Court lacks jurisdiction to hear Plaintiff's claims,

and Defendant is immune from suit.

Although generally *pro se* plaintiffs should receive an opportunity to amend their complaint,[1] any attempt by Plaintiff to re-plead would prove futile for several reasons. Under the *Rooker-Feldman*[2] doctrine, federal courts generally may not review state court final judgments. The Supreme Court has noted the *Rooker-Feldman* doctrine arises in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine therefore bars lower federal court jurisdiction where the following four criteria are met: (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment. *Storck v. City of Coral Springs*, 354 F.3d 1307, 1310 n.1 (11th Cir. 2003) (quotation omitted). If the state court's decision is in fact final, all of the factors for application of the *Rooker-Feldman* doctrine are met. Plaintiff's complaint should, therefore, be dismissed.

Here, Plaintiff appears to make allegations involving the same parties as in the state court

---

[1] *See Brown v. Johnson*, 387 F.3d 1344, 1348 (11th Cir. 2004); *see also* Fed. R. Civ. P. 15; M.D. Fla. R. 4.07 ("The Court may dismiss the case if satisfied that the action is frivolous or malicious, as provided by 28 U.S.C. § 1915(e); or may enter such orders as shall seem appropriate tot he pendency of the cause . . . .").

[2] *See Rooker v. Fidelity Trus Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

action namely Plaintiff, and GRP Loan, LLC,[3] the plaintiff in the state court action, as well as the judge presiding over the state court action and the attorneys involved therein. *See GRP Loan, LLC, v. Margetta Langolois*, Civil Action No. 51-2008-CA-005736-WS, Dkt. (Fla. Pasco Cir. Ct. 2009). The state court entered an order ratifying summary final judgment of foreclosure and sale of Plaintiff's property on May 22, 2009. *Id.* Further, Plaintiff had a reasonable opportunity to raise her claims, as she frames it in the instant complaint, in the state proceedings. *See id.* (indicating Plaintiff filed motions asserting similar allegations in the state court proceedings and has also appealed the decision to the Second District Court of Appeals and the Supreme Court of Florida). Finally, the issue before this Court is the propriety of the judgment of foreclosure, which was adjudicated by the state court in entering its order and judgment. Accordingly, this Court lacks subject matter jurisdiction to review that final judgment. Plaintiff's complaint should, therefore, be dismissed.

Moreover, Plaintiff's complaint cannot stand as "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story,* 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the

---

[3] Although not specifically set forth in the caption, Plaintiff makes several allegations against GRP Loan, LLC in her complaint.

controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. *Scott v. Hayes,* 719 F.2d 1562, 1565 (11th Cir.1983).

Here, by issuing a judgment of foreclosure, the state court judge was acting within the court's normal judicial function. *See* Fla. Stat. § 26.012 ("Circuit courts shall have exclusive original jurisdiction . . . in all actions involving the title and boundaries of real property."); *see also Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (finding state court judge's issuance of order was a judicial act). Further, the state court judge issued the order directly from chambers arising from an action pending brought before him seeking foreclosure of the Plaintiff's home. *See GRP Loan, LLC, v. Margetta Langolois*, Civil Action No. 51-2008-CA-005736-WS (Fla. Pasco Cir. Ct. 2009). Clearly, the state court judge was acting within his judicial capacity; and therefore, is immune from suit here. As detailed above, Plaintiff's complaint contains several legal defects which prohibit Plaintiff's claims from going forward in this Court. Accordingly, it is hereby

    RECOMMENDED:

    1. Plaintiff's motions for leave to proceed *in forma pauperis* (doc. 2) be denied.

    2. Plaintiff's complaint (doc. 1) be dismissed.

    IT IS SO REPORTED at Tampa, Florida on February 20, 2013.

                                       MARK A. PIZZO
                                       UNITED STATES MAGISTRATE JUDGE